IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Raymond P. Moore

Civil Action No. 19-cv-03087-RM

THE PEOPLE OF THE STATE OF COLORADO,

    Complainant,

v.

YOURAS ZIANKOVICH,

    Respondent.

---

**ORDER TO SHOW CAUSE**

---

Respondent[1] has filed a notice of removal, removing the disciplinary case filed against him pending before the Colorado Presiding Disciplinary Judge. This matter is before the Court *sua sponte* upon review of this matter and finding that Respondent fails to show that subject matter jurisdiction exists and, further, finding that *Younger*[2] abstention applies.

Specifically, Respondent's notice of removal relies on federal question jurisdiction (28 U.S.C. § 1331) but the Court's review of the complaint upon which removal is based shows no federal question has been raised. Respondent's reliance on diversity jurisdiction (28 U.S.C. § 1332(a)) fares no better. Here, Respondent relies on the citizenship of the *attorneys* who represent the party - the State of Colorado.[3] But, it is the citizenship of the parties which determines whether diversity jurisdiction may exist.

---

[1] Respondent appears *pro se* but he is a licensed attorney.
[2] *Younger v. Harris*, 401 U.S. 37 (1971).
[3] Respondent listed the attorneys in the caption of his notice of removal as if they are named parties but, of course, they are not.

Further, even if subject matter exists, which the record does not show, this case would nonetheless be subject to dismissal based on *Younger*. *See, e.g., Lyman v. San Juan Cty.*, 568 F. App'x 764, 768-69 (10th Cir. 2014).[4]  Accordingly, it is

**ORDERED** that on or before Monday, November 18, 2019, Respondent shall SHOW CAUSE why this case should not be remanded to the court from which it was removed.

DATED this 4th day of November, 2019.

BY THE COURT:

RAYMOND P. MOORE
United States District Judge

---

[4] "*Younger* is a doctrine of abstention. An abstention doctrine is one under which a District Court may decline to exercise or postpone the exercise of its jurisdiction." *D.A. Osguthorpe Family P'ship v. ASC Utah, Inc.*, 705 F.3d 1223, 1230 n.8 (10th Cir. 2013) (quotation marks and citation omitted).  Nonetheless, "once a court has properly determined that *Younger* abstention applies, there is no discretion to grant injunctive relief." *Id.* (quotation marks and citation omitted).